# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| SEAN G. F.,<br><br>               Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>              Defendant. | CASE NO. 3:19-CV-5336-DWC<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when she improperly considered the opinions of Dr. Erum Khaleeq, Mr. Michael March, Ms. Neesha Davies, and Dr. Sandra Landrum. The ALJ's error is therefore harmful, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of the Social Security Administration ("Commissioner") for further proceedings consistent with this Order.

| | |
|---|---|
| 1 | FACTUAL AND PROCEDURAL HISTORY |
| 2 | On February 1, 2016, Plaintiff filed an application for SSI, alleging disability as of |
| 3 | February 1, 2016. *See* Dkt. 9, Administrative Record ("AR") 15. The application was denied |
| 4 | upon initial administrative review and on reconsideration. *See* AR 15. A hearing was held before |
| 5 | ALJ Jo Hoenninger on April 18, 2018. *See* AR 15. In a decision dated June 22, 2018, the ALJ |
| 6 | determined Plaintiff to be not disabled. *See* AR 26. Plaintiff's request for review of the ALJ's |
| 7 | decision was denied by the Appeals Council, making the ALJ's decision the final decision of the |
| 8 | Commissioner. *See* AR 14; 20 C.F.R. § 404.981, § 416.1481. |
| 9 | In the Opening Brief, Plaintiff maintains the ALJ erred by improperly: (1) evaluating the |
| 10 | opinions of Dr. Khaleeq, Mr. March, Ms. Davies, and Dr. Landrum; (2) evaluating Plaintiff's |
| 11 | subjective symptom testimony; and (3) determining Plaintiff's residual functional capacity |
| 12 | ("RFC"). Dkt. 15. Plaintiff requests the Court remand his claims for an award of benefits. Dkt. |
| 13 | 15, pp. 10-11. |
| 14 | STANDARD OF REVIEW |
| 15 | Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of |
| 16 | social security benefits if the ALJ's findings are based on legal error or not supported by |
| 17 | substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th |
| 18 | Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). |
| 19 | DISCUSSION |
| 20 | **I.     Whether the ALJ properly considered the medical opinion evidence.** |
| 21 | Plaintiff contends the ALJ erred in evaluating the opinions of Dr. Khaleeq, Mr. March, |
| 22 | Ms. Davies, and Dr. Landrum. Dkt. 15, pp. 8-10. |
| 23 | |
| 24 | |

In assessing an acceptable medical source, an ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-831 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). "Other medical source" testimony "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010). "Further, the reasons 'germane to each witness' must be specific." *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009).

A. <u>Dr. Kahleeq</u>

Psychiatrist Dr. Kahleeq examined Plaintiff in June 2015. AR 395-398. Dr. Kahleeq conducted a clinical interview and a mental status examination ("MSE") of Plaintiff. AR 395-398. She diagnosed Plaintiff with depression. AR 398. Dr. Kahleeq opined Plaintiff's stream of mental activity/speech was "somewhat slow at times because of pain." AR 397. Dr. Khaleeq said that Plaintiff's "prognosis is guarded … regarding his pain, which was causing him some distress and mood irritability. He was trying to laugh and smile, but he was sarcastic at the same time."

AR 398. Dr. Khaleeq opined that although Plaintiff claimed to have problems with his memory, Plaintiff "did fairly well on the Mental Status Examination…" AR 398. Dr. Khaleeq opined Plaintiff's sarcasm "could get him into trouble" when accepting instructions from supervisors. AR 398. She opined Plaintiff would have difficulty performing work activities after seeing him take "at least five minutes to get off of the chair." AR 398. She opined Plaintiff may have difficulty maintaining regular attendance due to his pain, which causes him to be irritable and sarcastic. AR 398. Lastly, Dr. Khaleeq opined "[t]he usual stress encountered in the workplace could further aggravate his psychiatric condition." AR 398.

The ALJ discussed Dr. Khaleeq's opinion and gave it limited weight, because:

> (1) His [sic] opinion that the claimant may have difficulty performing work activities, maintaining regular attendance, and dealing with work stress appear to be based on the claimant's subjective allegations of chronic pain symptoms. (2) Dr. Khaleeq did not examine or treat the claimant's physical impairments, and as an examining psychiatrist, he [sic] has a limited basis for giving an opinion on how the claimant's physical impairments would interfere with work activities. (3) His [sic] opinion is inconsistent with the evidence of the positive response to pain management and with the objective evidence of the claimant's physical impairments, particularly the evidence of the claimant's spinal disorders.

AR 24 (numbering added).

First, the ALJ rejected the portion of Dr. Khaleeq's opinion regarding Plaintiff's ability to perform work activities, maintain regular attendance, and deal with work stress because it is based on Plaintiff's subjective testimony. AR 24. An ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations. *Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001). But if a doctor's opinion is based "to a large extent" on an applicant's self-reports and not on clinical evidence, and the ALJ finds the applicant not credible, the ALJ may

discount the doctor's opinion. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Notably, a psychiatrist's clinical interview and mental status evaluation are "objective measures" which "cannot be discounted as a self-report." *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017).

In *Buck*, the Ninth Circuit noted "[p]sychiatric evaluations may appear subjective, especially compared to evaluation in other medical fields." *Id.* "Diagnoses will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient. But such is the nature of psychiatry. Thus, the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness." *Id.* (internal citations omitted).

Here, Dr. Khaleeq based her opinion regarding Plaintiff's ability to perform work activities, maintain regular attendance, and deal with work stress on more than just Plaintiff's subjective testimony. Dr. Khaleeq opined Plaintiff would have difficulty performing work activities after observing Plaintiff struggling to "get off of the chair" for "at least five minutes" during the examination. *See* AR 397-398. Dr. Khaleeq opined Plaintiff may have difficulty maintaining regular attendance "for the same reason." AR 398. She opined Plaintiff's pain "is causing some mood irritability and sarcasm" and that Plaintiff's psychiatric condition could be aggravated by the usual stress encountered in the workplace. AR 398. Dr. Khaleeq did not discredit Plaintiff's subjective reports, and supported her ultimate opinion with objective testing, personal observations, a clinical interview, and an MSE. *See* AR 395-398. Thus, Dr. Khaleeq based her opinion on more than just Plaintiff's subjective reports. Additionally, Plaintiff has failed to show that Dr. Khaleeq's opinion was more heavily based on Plaintiff's subjective

complaints and self-reports. Accordingly, this is not a specific and legitimate reason supported by substantial evidence for giving partial weight to Dr. Khaleeq's opinion.

Second, the ALJ discounted Dr. Khaleeq's opinion because he did not examine or treat the Plaintiff's physical impairments, and as a psychiatrist, "he [sic] has a limited basis for giving an opinion on how the claimant's physical impairments would interfere with work activities." AR 24. First, Dr. Khaleeq did examine Plaintiff's physical impairments. *See* AR 397-398. For example, she observed Plaintiff in pain when trying to stand from his chair. *See* AR 397-398. Second, Dr. Khaleeq is a medical doctor, having obtained her doctoral medical degree. See AR 398. "Although a medical doctor's area of specialty is relevant, a physician with a doctoral medical degree (M.D.) is qualified to assess a claimant's physical functional limitations." *Fischer v. Colvin*, 2013 WL 5437571, *9 (W.D. Wash. Sept. 27, 2013). As Dr. Khaleeq underwent medical school training to obtain her M.D., further training in the specialty of psychiatry does not deprive her of the capabilities she had as an M.D. prior to her specialized training. *See id*. As Dr. Khaleeq was qualified to assess Plaintiff's physical functioning, the ALJ's reasoning is misplaced. Therefore, the ALJ's second reason for providing little weight to Dr. Khaleeq's opinion is not specific and legitimate and supported by substantial evidence.

Third, the ALJ discounted Dr. Khaleeq's opinion because it is inconsistent with Plaintiff's positive response to pain management and with Plaintiff's spinal disorders. AR 24. An ALJ need not accept an opinion which is inadequately supported "by the record as a whole." *See Batson v. Commissioner of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). However, a conclusory statement finding an opinion is inconsistent with the overall record is insufficient to reject the opinion. *See Embrey*, 849 F.2d 418 at 421-422. An ALJ merely offers her conclusion

when her statement "stands alone, without any supporting facts…" *Hess v. Colvin*, No. 14–8103, 2016 WL 1170875, at *3 (C.D. Cal. Mar. 24, 2016). As the Ninth Circuit has stated:

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

*Embrey,* 849 F.2d at 421.

Here, the ALJ failed to explain how any of Dr. Khaleeq's observations are inconsistent with Plaintiff's positive response to pain management or with his spinal disorders. *See Barnhart*, 331 F.3d 565 at 569. The ALJ merely states Dr. Khaleeq's opinion is inconsistent with Plaintiff's positive response to pain management and provides no reasoning on how the opinion is inconsistent. There exists the possibility that Plaintiff responded well to pain management, yet still has significant limitations. *See Reddick*, 157 F.3d 715 at 722-23 (finding an ALJ must not "cherry-pick" certain observations without considering their context). Further, the ALJ does not describe what spinal disorders she is referring to, nor does she explain how Dr. Khaleeq's opinion is inconsistent with Plaintiff's spinal disorders. These findings are, by definition, conclusory. *See Hess*, No. 14–8103, 2016 WL 1170875, at *3. Thus, the ALJ's third reason for providing little weight to Dr. Khaleeq's opinion is not specific and legitimate and supported by substantial evidence.

For the above stated reasons, the Court concludes the ALJ failed to provide specific, legitimate reasons supported by substantial evidence for assigning little weight to Dr. Khaleeq's opinion. Accordingly, the ALJ erred.

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial

to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Had the ALJ given great weight to Dr. Khaleeq's opinion, the ALJ may have included additional limitations in the RFC. For example, Dr. Khaleeq opined Plaintiff would have difficulty performing work activities and maintaining regular attendance due to his pain. AR 398. In contrast, in the RFC, the ALJ did not include any absenteeism or productivity limitations. *See* AR 20. Therefore, if Dr. Khaleeq's opinion was given great weight and additional limitations were included in the RFC and in the hypothetical questions posed to the vocational expert ("VE"), the ultimate disability determination may have changed. Accordingly, the ALJ's errors are not harmless and require reversal.

B. <u>Mr. March</u>

Mr. March, an Advanced Registered Nurse Practitioner, filled out two Washington State Department of Social and Health Services ("DSHS") forms following evaluations of Plaintiff in November 2015 and November 2017. AR 399-408, 575-588. On both forms, Mr. March checked the box indicating Plaintiff should be limited to sedentary work, which the forms define as having the ability "to lift 10 pounds maximum and frequently lift or carry lightweight articles … [and to] walk or stand only for brief periods." AR 401, 578. Mr. March also opined Plaintiff would have significant interference with his ability to conduct basic work

activities, including sitting, standing, walking, lifting, carrying, handling, pushing, pulling, reaching, stooping, and crouching. AR 400, 577.

The ALJ gave little weight to Mr. March's opinions, saying:

(1) Mr. March did not explain why the claimant would be limited to the sedentary exertional level. (2) His assessment is inconsistent with the objective evidence, course of treatment, claimant's positive response to pain management, and the claimant's activities of daily living, as discussion throughout this decision.

AR 24 (citations omitted) (numbering added).

First, the ALJ rejected Mr. March's opinions because he did not explain why Plaintiff would be limited to sedentary work. AR 24. An ALJ may "permissibly reject[ ] ... check-off reports that [do] not contain any explanation of the bases of their conclusions." *Molina*, 674 F.3d 1104 at 1111-1112 (quoting *Crane v. Shalala,* 76 F.3d 251, 253 (9th Cir.1996)). But, "opinions in check-box form can be entitled to substantial weight when adequately supported." *Neff v. Colvin*, 639 Fed. Appx. 459 (9th Cir. 2016) (internal quotation marks omitted) (citing *Garrison v. Colvin*, 759 F.3d 995, 1013 (9th Cir. 2014)).

Here, Mr. March's opinions regarding Plaintiff's limitation to sedentary work was not confined to a check-the-box form. Mr. March completed two DSHS forms. *See* AR 399-408, 575-588. While he opined to several limitations in "check-off" format, both of Mr. March's opinions were based on clinical visits where Mr. March conducted a review of systems, a review of past medical/surgical history, a physical exam, and made diagnoses. *See* AR 399-408, 575-588. During the November 2015 exam, Mr. March found Plaintiff's cervical spine was tender and that Plaintiff felt moderate pain with motion. AR 406. He also found Plaintiff's shoulders were tender, that Plaintiff felt moderate pain with motion, and Plaintiff's right hip was tender and caused pain with motion. AR 406. He diagnosed Plaintiff with cervical radiculopathy, chronic pain syndrome, hip pain, and bilateral low back pain with sciatica. AR

407. During the review of systems, Mr. March observed Plaintiff had an irregular heartbeat with palpitations. AR 405. He observed Plaintiff had extreme weakness and "numbness in extremity." During the November 2017 exam, Mr. March found Plaintiff's cervical spine was painful with motion. AR 583. He also found Plaintiff's shoulders were painful with motion. AR 583. During the review of systems, Mr. March noted back pain, joint pain, neck pain, and arthritic manifestations. AR 582. Mr. March diagnosed Plaintiff with degenerative disc disease, cervical radiculopathy, chronic bilateral low pain with bilateral sciatica, and lumbago with sciatica on Plaintiff's right side. AR 584. As Mr. March's opinions included testing and results relevant to the opined limitations, his opinions were not confined to a check-the-box form. Thus, the ALJ's finding that Mr. March did not provide an adequate explanation for his opinion is not a germane reason for discounting the opinion. *See Smith v. Astrue*, 2012 WL 5511722, at *6 (W.D. Wash. Oct. 25, 2012) (holding an ALJ erred by rejecting an examining physician's opinion as a "check-off" report where the physician "conducted a clinical interview, [and] report[ed] his findings and observations" in the report).

Next, the ALJ discounted Mr. March's opinion because it is inconsistent with the record. AR 24. As discussed above, a conclusory statement finding an opinion is inconsistent with the overall record is insufficient to reject the opinion. *See Embrey*, 849 F.2d 418 at 421-422. Here, the ALJ failed to explain how any of Mr. March's observations are inconsistent with the objective evidence, course of treatment, Plaintiff's positive response to pain management, or Plaintiff's activities of daily living. *See Barnhart*, 331 F.3d 565 at 569. The ALJ merely states Mr. March's opinion is inconsistent with the record. Without further reasoning, the ALJ's finding is conclusory. *See Reddick*, 157 F.3d 715 at 722-23. Thus, the ALJ's second reason for

providing little weight to Mr. March's opinion is not germane. Accordingly, the ALJ erred by improperly discounting Mr. March's opinions and must reconsider them on remand.

C. Ms. Davies

Ms. Davies, an Advanced Registered Nurse Practitioner, completed a DSHS evaluation of Plaintiff in January 2015. AR 357-366. She reviewed Plaintiff's past medical/surgical history, conducted a physical exam, and opined to limitations in check-the-box format. AR 363-365. Ms. Davies noted "significant tenderness with light palpation along cervical, thoracic [sic] and lumbar spine." AR 365. She diagnosed Plaintiff with lumbago, myalgia and myositis, shoulder joint pain, and cervicalgia. AR 365.

The ALJ provided Ms. Davies's opinion little weight for three reasons:

> (1) Little explanation was given for her assessment. (2) Moreover, her assessment seems inconsistent with the objective medical evidence, course of treatment, claimant's positive response to pain management, and the claimant's activities of daily living. (3) Additionally, a Washington State DSHS medical consultant determined that this assessment was not supported by medical evidence.

AR 24 (citations omitted) (numbering added).

The first two reasons the ALJ provided for discounting Ms. Davies's opinion are identical to the reasons the ALJ provided for discounting Mr. March's opinion, and both suffer similar flaws. First, Ms. Davies's opinion was not confined to a check-the-box form. Ms. Davies completed a DSHS form. *See* AR 357-366. While she opined to several limitations in "check-off" format, Ms. Davies's opinions included a clinical visit where she conducted a review of systems, a review of past medical/surgical history, a physical exam, took vitals, and made diagnoses. *See* AR 357-366. As Ms. Davies's opinion included testing and results relevant to the opined limitations, her opinion was not confined to a check-the-box form. Thus, the ALJ's

finding that Ms. Davies did not provide an adequate explanation for her opinion is not a germane reason for discounting the opinion. *See Smith*, 2012 WL 5511722, at *6.

Second, the ALJ discounted Ms. Davies's opinion because it was inconsistent with the record. AR 24. Here, the ALJ failed to explain how any of Ms. Davies's observations are inconsistent with the objective evidence, course of treatment, Plaintiff's positive response to pain management, or Plaintiff's activities of daily living. *See Barnhart*, 331 F.3d 565 at 569. The ALJ states Ms. Davies's opinion is inconsistent with the record and provides no further reasoning. This is conclusory. *See Reddick*, 157 F.3d 715 at 722-23. Thus, the ALJ's second reason for providing little weight to Ms. Davies's opinion is not germane.

Third, the ALJ discounted Ms. Davies's opinion because "a Washington State DSHS medical consultant determined that this assessment was not supported by medical evidence." AR 24. When a medical opinion is contradicted, the ALJ may reject the opinion "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-831; *Murray*, 722 F.2d 499 at 502. The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick*, 157 F.3d 715 at 725. "Other medical source" testimony "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis*, 236 F.3d 503 at 511; *Turner*, 613 F.3d 1217 at 1224.

Here, the ALJ simply noted Ms. Davies's opinion is contradicted by a DSHS medical consultant. *See* AR 24. Citing a physician who reviewed the medical opinion evidence and found the evidence unsupported does not release the ALJ of her duty to provide germane reasons for discounting Ms. Davies's opinion. Doing so does not achieve the specificity

1 | required by the Ninth Circuit. *See Bruce*, 557 F.3d 1113 at 1115. Without further analysis, the

2 | ALJ's finding is inadequately supported. Thus, the ALJ's second reason for discounting Ms.

3 | Davies's opinion is not germane. Accordingly, the ALJ erred by improperly considering Ms.

4 | Davies's opinion and must reconsider it on remand.

       D.  Dr. Landrum

6 | Treating physician Dr. Landrum opined Plaintiff could lift ten pounds maximum, could

7 | frequently lift/carry two pounds, and could sit for most of the day but would require a break

8 | every twenty minutes to stand or walk for five minutes. AR 325. Dr. Landrum also opined

9 | Plaintiff was limited to the sedentary exertional level and would need frequent position changes.

10 | AR 333, 342, 350.

11 | The ALJ discussed Dr. Landrum's opinions and gave them little weight because "these

12 | opinions are inconsistent with the objective evidence, course of treatment, claimant's positive

13 | response to pain management, and the claimant's activities of daily living…" AR 24. The ALJ

14 | used the same reasons to discount the other medical opinions, discussed above. *See* Section I.A-

15 | C, *supra*. Here, the ALJ again failed to explain how any of Dr. Landrum's observations are

16 | inconsistent with the objective evidence, course of treatment, Plaintiff's positive response to pain

17 | management, or Plaintiff's activities of daily living. *See Barnhart*, 331 F.3d 565 at 569. The ALJ

18 | states Dr. Landrum's opinion is inconsistent with the record and provides no further reasoning.

19 | Again, this is conclusory without further analysis. *See Reddick*, 157 F.3d 715 at 722-23. Thus, the

20 | ALJ's reasons for providing little weight to Dr. Landrum's opinion are not specific and

21 | legitimate and supported by substantial evidence. Accordingly, the ALJ erred and is directed to

22 | reassess the following portions of Dr. Landrum's opinion on remand: (1) that Plaintiff can lift ten

23 | pounds maximum, can frequently lift/carry two pounds, and can sit for most of the day but

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 13

requires a break every twenty minutes to stand or walk for five minutes; and (2) that Plaintiff is limited to the sedentary exertional level and needs frequent position changes.

**II.     Whether the ALJ properly considered Plaintiff's subjective symptom testimony.**

Plaintiff contends the ALJ failed to give clear and convincing reasons for rejecting Plaintiff's testimony about his symptoms and limitations. Dkt. 15, pp. 5-8. The Court concludes the ALJ committed harmful error in assessing the opinions of Dr. Khaleeq, Mr. March, and Ms. Davies, and a portion of Dr. Landrum opinion, and must re-evaluate them on remand. *See* Section I, *supra*. Because Plaintiff will be able to present new evidence and new testimony on remand and because the ALJ's reconsideration of the medical evidence may impact her assessment of Plaintiff's subjective testimony, the ALJ must reconsider Plaintiff's testimony on remand.

**III.    Whether the ALJ properly determined Plaintiff's RFC.**

Plaintiff asserts the ALJ erred in assessing his RFC and finding him not disabled at Step 5 of the sequential evaluation process because the RFC and hypothetical questions did not contain all Plaintiff's functional limitations. Dkt. 15, pp. 2, 10. The Court concludes the ALJ committed harmful error when she failed to properly consider the opinions of Dr. Khaleeq, Mr. March, Ms. Davies, and a portion of Dr. Landrum's opinion, and is directed to re-evaluate these opinions and Plaintiff's subjective symptom testimony on remand. *See* Sections I & II, *supra*. The ALJ must therefore reassess the RFC on remand. *See* Social Security Ruling 96-8p ("The RFC assessment must always consider and address medical source opinions."); *Valentine v. Commissioner Social Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a claimant's limitations is defective"). As the ALJ must reassess Plaintiff's RFC on remand, she must also re-evaluate the findings at Step 5 to determine if there are jobs

existing in significant numbers in the national economy Plaintiff can perform in light of the RFC. *See Watson v. Astrue*, 2010 WL 4269545, *5 (C.D. Cal. Oct. 22, 2010) (finding the ALJ's RFC determination and hypothetical questions posed to the VE defective when the ALJ did not properly consider a doctor's findings).

### IV. Whether this cased should be remanded for an award of benefits.

Plaintiff argues this matter should be remanded with a direction to award benefits. *See* Dkt. 15, pp. 2, 11. The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). The Court has determined, on remand, the ALJ must re-evaluate the opinions of Dr. Khaleeq, Mr. March, and Ms. Davies, a portion of Dr. Landrum opinion, and Plaintiff's testimony. Therefore, there are outstanding issues which must be resolved and remand for further administrative proceedings is appropriate.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 6th day of February, 2020.

*David W. Christel signature*

David W. Christel
United States Magistrate Judge